NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEADMAN FRANCIS,<br>      Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>      Respondent. | Civ. No. 04-3382 (WGB)<br><br>O P I N I O N |

Appearances

Steadman Francis
#55458-004
FCC Coleman-Low
Post Office Box 1031
Coleman, Florida 33521-1031

    Pro Se Petitioner

Christopher J. Christie
United States Attorney for the District of New Jersey
970 Broad Street
Suite 700
Newark, New Jersey 07102
By:  Mark J. McCarren
    Assistant United States Attorney

    Respondent

**Bassler, Senior District Judge:**

    Petitioner Steadman Francis ("Petitioner"), a federal prisoner proceeding pro se, files this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2255. In his petition, Petitioner moves to vacate, set aside or correct his sentence on the grounds that the court violated Petitioner's jury trial right

1

under the Sixth Amendment and his right to due process under the Fifth Amendment.

For the reasons set forth in this opinion the Petitioner's habeas corpus relief is **denied**.

I.  BACKGROUND

On January 20, 2002, a jury found Petitioner guilty of conspiracy to import more than 500 grams of cocaine into the United States from Jamaica in violation of 21 U.S.C. § 963.  In May, 2002, the Honorable William G. Bassler sentenced Petitioner to a term of 151 months' imprisonment to be followed by a five-year period of supervised release, and a fine of $3,000.  Petitioner filed a timely appeal of his sentence and the Third Circuit affirmed the conviction and sentence on July 16, 2003.  United States v. Steadman, No. 02-2581 (3d. Cir. July 16, 2003).  Petitioner did not seek a writ of certiorari and his conviction became final on October 16, 2003.  Petitioner now challenges his sentence based on 28 U.S.C. § 2255.

II. DISCUSSION

A.  Standard of Review

28 U.S.C. § 2255 provides relief to a federal prisoner seeking release from incarceration on any one of the following grounds: (1) the imposed sentence violates the Constitution or laws of the United States, (2) the court did not have jurisdiction to impose the sentence, (3) the sentence exceeds the

maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack.  See 28 U.S.C. § 2255.  Title 28, section 2255 of the United States Code provides for a one-year period of limitation on a motion to vacate, set aside, or correct a sentence.  The limitation period shall run from the latest of: "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255.

A petition for habeas relief under section 2255 will be granted "only if the sentence results in a 'fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.'" U.S. v. Cannistraro, 734 F.Supp. 1110, 1119 (D.N.J. 1990) (quoting Hill v. United States, 82 S.Ct. 468, 471 (1962)).

B. Petitioner's Claims Are Governed by *United States v. Booker*

Petitioner argues that the sentencing court erred in its application of the United States Sentencing Guidelines by imposing the following upward adjustments: 4 points for his role in the offense, 2 points for committing perjury at his trial and 2 points for the use of minors. Relying on the Supreme Court's holding in Blakely v. Washington, 124 S.Ct. 2531 (2004), Petitioner argues that such enhancements violated his Sixth Amendment right to have a jury determine beyond a reasonable doubt the facts used to enhance his sentence.

As an initial matter, the arguments raised by Petitioner are governed by United States v. Booker, 125 S.Ct. 738 (2005). In Blakely, the Supreme Court held that Washington State's determinate sentencing scheme, a scheme similar to the Federal Sentencing Guidelines, violated the Sixth Amendment right to a jury trial. See Lloyd v. United States, 407 F.3d 608, 610 (3d. Cir. 2005) petition for cert. filed (Aug. 5, 2005)(No. 05-5769). The Supreme Court, however, made it explicitly clear that its holding in Blakely did not address the Federal Sentencing Guidelines. Blakely at 2538, FN 9. It was not until its decision in United States v. Booker on January 12, 2005, that the Supreme Court concluded its holding in Blakely extended to the Federal Sentencing Guidelines. Id. at 611 citing Booker, 125

S.Ct. 756, FN1.

    C.   *United States v. Booker* Is Not Retroactively Applicable to Cases on Collateral Review

Following in the footsteps of all other courts of appeals to have considered the issue, the Third Circuit recently held in Lloyd v. United States, 407 F.3d 608 (3d. Cir. 2005), that the rule of law announced in Booker is a new rule of criminal procedure that is not retroactively applicable to cases on collateral review. The Third Circuit examined the issue under the Supreme Court's ruling in Teague v. Lane, 109 S.Ct. 1060 (1989), which held that "[u]nless [it falls] within an exception to the general rule, [a] new constitutional rule[] of criminal procedure will not be applicable to those cases which have become final before the new [rule is] announced." Teague at 1075.

    As in Lloyd, the Petitioner's judgment became final prior to the Supreme Court's decision in Booker. Petitioner's conviction became final on October 16, 2003, 90 days after entry of the judgment by the Third Circuit affirming his conviction and sentence. See Kapral v. United States, 166 F.3d 565, 572 (3d. Cir. 1999); see also 28 U.S.C. § 2101(c). This date is nearly fifteen months before the Booker decision on January 12, 2005. Booker would therefore have to be given retroactive effect in order for it to be applied to the Petitioner's case. As a result, Petitioner's section 2255 motion fails under Lloyd.

5

III. CONCLUSION

For the foregoing reasons, Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is hereby **denied**.  An appropriate order follows.

/s/ William G. Bassler
William G. Bassler, U.S.S.D.J.

DATED: September 6, 2005